NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 2 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff-Appellee,<br><br>  v.<br><br>SKYLER JAMES FOWLER,<br><br>        Defendant-Appellant. | No.    15-10048<br><br>D.C. No.<br>3:08-cr-00042-RCJ-VPC-1<br><br>ORDER AMENDING |

Before:  SCHROEDER, TASHIMA, and OWENS, Circuit Judges.

The memorandum disposition filed on March 1, 2017, is amended as follows: On page 3 line 14 before the sentence beginning "Accordingly, we remand this case," insert the sentence "On the claim that the district court erred in denying Fowler's request to proceed pro se, we find that there was no reversible error in the court's denial."

With this amendment, the petitions for panel rehearing and rehearing en banc are denied.  Judge Owens has voted to deny the petitions for panel rehearing and rehearing en banc, and Judge Schroeder has so recommended.  Judge Tashima has voted to grant the petition for panel rehearing and recommends granting the petition for rehearing en banc.

The full court has been advised of the petition for rehearing en banc, and no

judge of the court has requested a vote on it.  Fed. R. App. P. 35.

The petitions for panel rehearing and rehearing en banc are DENIED.  No further petitions for rehearing will be entertained.

FILED

MAY 02 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TASHIMA, Circuit Judge, dissenting from the denial of rehearing:

I dissent from the panel's order denying the petition for panel rehearing and rehearing en banc. It is apparent to me now that our refusal to reach the merits of any of the issues Fowler raised respecting the conditions of his supervised release is not sanctioned by any statute or case law and denies Fowler his statutory right to a direct appeal from his conviction and sentence.

Fowler challenged, *inter alia*, the length of his supervised release term and four special conditions of supervised release imposed by the district court. While the appeal was pending, Fowler pled guilty to a state crime in a different case.

Rather than decide the merits of Fowler's challenges, the panel has remanded this case to the district court "in light of . . . recent events," *i.e.*, in light of Fowler's guilty plea in the state case. The panel does not hold that Fowler's state-court guilty plea rendered this appeal moot. Instead, the panel speculates that "the conditions of that supervised release may become moot" if, for example, "the district court revokes Fowler's supervised release" or chooses to "re-examine" the conditions "at a time closer to Fowler's release from state custody, if he is ever released." But the same possibility that supervised release "may become moot"

1

lurks in every case in which supervised release is imposed (sometimes mandated by the Sentencing Guidelines) following a long sentence of imprisonment. These weaknesses in our supervised release scheme, as enacted by Congress, have been well summarized by the Seventh Circuit:

> Because conditions of supervised release, though imposed at sentencing, do not become operational until the defendant is released, the judge has to guess what conditions are likely to make sense when the defendant is released. The longer the sentence, the less likely the guess is to prove accurate. Conditions that may seem sensible at sentencing may not be sensible many years later, when the defendant is finally released from prison. (Defendant Siegel was sentenced to 30 years in prison.) And while it's true that conditions of supervised release can be modified at any time, 18 U.S.C. § 3583(e)(2), modification is a bother for the judge, especially when, as must be common in cases involving very long sentences, modification becomes the responsibility of the sentencing judge's successor because the sentencing judge has retired in the meantime.

*United States v. Siegel*, 753 F.3d 705, 708 (7th Cir. 2014).

But even with its weaknesses, this is the regime of supervised release mandated by Congress, which includes a defendant's right to challenge the conditions of his supervised release on direct appeal from the sentence. *See* 18 U.S.C. § 3742(a). The majority's approach of refusing to decide their merits now deprives Fowler of this statutory right to appeal his sentence, including the terms of his supervised release. The majority acknowledges that this appeal is not moot and may never become moot, thus permanently depriving Fowler of his statutory

2

right to test the conditions of his supervised release on appeal.

Because nothing in the law absolves us from deciding the merits of this appeal, I respectfully dissent from the denial of Fowler's petition for rehearing.